USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/1/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
ANGEL VELASQUEZ,

                           Petitioner,

     -against-

UNITED STATES OF AMERICA,

                           Respondent.
---------------------------------------------------------------- X

**ORDER AND OPINION GRANTING PETITION FOR HABEAS CORPUS**

18 Civ. 6139 (AKH)
16 Cr. 233 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Petitioner Angel Velasquez filed this petition on July 2, 2018, pursuant to 28 U.S.C. § 2255 to vacate his conviction for possession of a firearm in connection with a crime of violence or drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Four). For the reasons that follow, the petition is granted.

       I stayed the petition in September 2018, in anticipation of ongoing Second Circuit and Supreme Court cases expected to bear on the outcome of petitioner's claim. After the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, and the Second Circuit's decision in *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), which held that Hobbs Act robbery conspiracy is not a "crime of violence" predicate offense capable of satisfying § 924(c), I lifted the stay.

       The government concedes that under *Davis* and *Barrett*, petitioner's guilty plea to a Hobbs Act robbery conspiracy (Count One) can no longer serve as a § 924(c) predicate offense for Count Four. *See* ECF No. 12. The government instead argues that (a) petitioner procedurally defaulted on his present argument by failing to raise it on direct appeal, and (b) Count Four need not rely on the Hobbs Act robbery conspiracy, because the indictment also charged petitioner with attempted Hobbs Act robbery (Count Two) and conspiracy to distribute narcotics (Count Three), both of which the government argues are viable predicates. *See id.* at 4, 6.

In several recent orders, I rejected arguments substantially the same as those put forth by the government here. *See Camacho v. United States*, 17-cv-5199, ECF No. 675; *Roman v. United States*, 16-cv-4829, ECF No. 12; *Jimenez v. United States*, 16-cv-4653, ECF No. 6. For the reasons set forth in those decisions, and in light of the fact that petitioner's plea allocution did not address any potential predicate offense aside from Hobbs Act robbery conspiracy, I grant the instant petition. Petitioner shall appear for resentencing on December 5, 2019 @ 11:30 a.m.

The Clerk shall terminate the open motion (16-cr-233, ECF No. 77).

SO ORDERED.

Dated: October 31, 2019
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2